EFiled: Jun 20 2013 05:02PM EDT
Transaction ID 52935565
Case No. N13C-06-209 CEB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

███████████, a minor, by and
through her parent and natural guardian,
AMY RUDOLPH, and in her own right,

   Plaintiffs,

v.

GENERAL MOTORS LLC,
a Delaware Corporation,

   Defendant

JURY TRIAL DEMANDED

C.A. No.:

THE STATE OF DELAWARE
TO THE SHERRIF OF NEW CASTLE COUNTY
YOU ARE COMMANDED:

To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon MATTHEW R. FOGG, ESQUIRE, Plaintiffs' attorney, whose address is 1208 Kirkwood Highway, Wilmington, Delaware 19805, an answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

  To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by the plaintiffs).

Dated: 7/11/13

Sharon Agnew
Prothonotary

Per Deputy

TO THE ABOVE NAMED DEFENDANT:

  In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiffs' attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Sharon Agnew
Prothonotary

Per Deputy

EFiled: Jun 20 2013 05:02PM EDT
Transaction ID 52935565
Case No. N13C-06-209 CEB

SUPERIOR COURT
CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: (N) K/ S      CIVIL ACTION NUMBER: _____

| CAPTION: | Civil Case Code: CPIN |
|---|---|
| ███████, a minor, by and through her parent and natural guardian, AMY RUDOLPH, and in her own right, | Civil Case Type: Personal Injury |
| Plaintiffs, | Name and Status of Party filing document: |
| v. | ███████ and Amy Rudolph, Plaintiffs. |
| General Motors, LLC, a Delaware Corporation, | |
| Defendant. | Document Type: (E.G.; Complaint; Answer with Counterclaim) |
| | COMPLAINT |

| ATTORNEY NAME(S): MATTHEW R. FOGG (4254) | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
|---|---|
| FIRM NAME: Doroshow, Pasquale, Krawitz & Bhaya | |
| ADDRESS: 1208 Kirkwood Highway Wilmington, DE 19805 | Explain The Relationship(s): |
| TELEPHONE NUMBER: 302-998-0100 FAX NUMBER: 302-998-9114 | |
| | Other Unusual Issues that Affect Case Management: |
| E-MAIL ADDRESS: MattFogg@dplaw.com | |
| | (If Additional Space Is Needed, Please Attach Pages) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

EFiled: Jun 20 2013 05:02PM EDT
Transaction ID 52935565
Case No. N13C-06-209 CEB



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

███████████, a minor, by and
through her parent and natural guardian,
AMY RUDOLPH, and in her own right,

      Plaintiffs,

v.

GENERAL MOTORS LLC,
a Delaware Corporation,

      Defendant

JURY TRIAL DEMANDED

C.A. No.:

## COMPLAINT

(Allegations Common to All Counts)

1. Plaintiffs, ███████████, a minor, and her parent natural guardian, AMY RUDOLPH, are individuals currently residing at 502 Hupp Hill Court, Strasburg, Virginia 22657.

2. Defendant GENERAL MOTORS LLC (hereinafter "GM") is now, and has been at all relevant times, a Delaware Corporation authorized to do business in the United States, and this Defendant has conducted substantial and continuous business in the State of Delaware, including New Castle County. GM derives substantial revenue from the sale of its products in New Castle County, which is a primary sales market for GM.

3. Defendant, GENERAL MOTORS, LLC, is a Delaware Corporation with a registered agent listed at Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808 [PLAINTIFFS DEMANDS THAT THE DEFENDANT, GUARDIAN, DENY THE

ALLEGATIONS CONTAINED IN THIS PARAGRAPH IF UNTRUE, BY AFFIDAVIT IN ACCORDANCE WITH THE PROVISIONS OF 10 Del. C. §3915.]

4. GM has been in the business of designing, assembling, marketing and selling motor vehicles, including the model known as the 2001 Saturn SL2 (hereinafter "the SL2").

5. GM manufactured and sold the SL2 containing VIN 1G8ZK52741Z234786 that was carrying minor Plaintiff on the date of the accident described below (hereinafter "the subject SL2").

6. GM has assumed legal liability for all motor vehicles previously sold by General Motors Corporation, including the SL2, under circumstances like those existing here – e.g. when the accident occurred after the closing date.

7. On or about May 19, 2012, minor Plaintiff was a rear seat passenger in the subject SL2 operated by Colby Cooper. At approximately 10:50 p.m., Colby Cooper was operating the subject SL2 east-bound along Route 646 in Shenandoah County, Virginia, and was caused, or he caused, the vehicle to leave the traveled roadway and strike a large rock (hereinafter the "subject accident").

8. At the time of the subject accident, minor Plaintiff was seated in the center rear seat position in the subject SL2, and wearing the available lap belt.

9. As a result of the misconduct of the Defendant and the defective design of the SL2 as described below, the minor Plaintiff suffered serious and permanent injuries, including, but not limited to: spinal fractures requiring laminectomy and fusion at L1-L4; skull fracture; sub-arachnoid hemorrhage; bi-lateral temporal bone fractures; pulmonary embolism; hearing loss in the left ear; VI & VII nerve palsy; and permanent visual impairment in her left eye. Plaintiff is

informed and alleges that her injuries have caused and in the future will cause physical and functional impairment.

10. As a result of the misconduct of the Defendant, and the defective design of the SL2 as described below, the minor Plaintiff has suffered serious and permanent injuries, and both Plaintiffs have suffered past and future losses for which the Defendant is liable.

11. As a proximate result of the negligence and product defects described below, the minor Plaintiff has suffered direct physical injuries, medical complications, functional limitations and other associated harm to her body and mind, and the Plaintiff Amy Rudolph has suffered derivative injuries and losses described below.

12. The minor Plaintiff has also gone through medical treatment and care in the past, and she will require and endure additional care and treatment for the remainder of her life.

13. The medical and medically related care and treatment and rehabilitation has caused the expenditure of large sums of money in the past, and the Plaintiffs will in the future incur substantial, reasonable and necessary medical and medically related expenses and other costs for the treatment, cure and maintenance required because of these injuries and complications.

14. The Plaintiffs have in the past suffered a loss of earnings and in the future they will suffer a loss of earnings capacity/potential.

15. The minor Plaintiff has in the past and will for the remainder of her life suffer intangible losses, including, but not limited to, physical and emotional pain, distress, disfigurement, loss of independence, anxiety, disability, mental anguish, as well as the loss of enjoyment of life and one's pleasures.

## COUNT I
## NEGLIGENCE – LACK OF CRASHWORTHINESS

16. The allegations and averments set forth above are incorporated herein by reference as though set forth at length.

17. The Defendant herein designed, built, tested, manufactured, advertised, marketed and/or distributed the SL2 such that the vehicle was defective and not in a crashworthy condition.

18. GM is liable to Plaintiffs for the failure to market a product designed to minimize risks, when it was reasonable to do so. The harm for which the Defendant is liable is additional harm inflicted by the product because it presented an unreasonable risk of injury; in the instant case, the catastrophic injuries suffered by minor Plaintiff were the harm over and above the harm that the accident would have caused had the product been properly designed.

19. The SL2 was defectively designed and GM was careless and negligent in the design, manufacturing, selling, assembling, testing and/or marketing of the SL2 both generally and in the following respects:

   a. the center rear seat configuration, contour and material composition, together with the location of the seat belt anchorage points and the buckle stalk were not safely designed;

   b. the center rear seat safety system (which includes the seat and seat belt) was carelessly designed and failed to provide adequate occupant protection to the minor Plaintiff, and as designed it increased the risk of the injuries she actually sustained;

   c. the center rear seat safety system (which includes the seat and seat belt) was inadequately configured and because of the inadequacy of the seat cushion design and parts of the lap belt system selected, the center rear seat safety system as marketed was

defective and significantly less safe than other available designs, and therefore this SL2 should have been marketed with an alternative seat belt system including a safely designed lap and shoulder belt system;

d. because of the rear seat interior dimensions of the SL2 and the foreseeable use of the center rear seat position by an occupant, this product was defective and negligently designed with only a lap belt because of the foreseeable motion, kinematics and potential for injury in various foreseeable collision modes;

e. the Defendant failed to properly and reasonably test the SL2 and/or to modify the design of the center rear seat safety system as a result of testing it did during the development of this product;

f. the Defendant failed to safely, carefully and adequately instruct and/or warn consumers of the dangers associated with using the center rear seat safety system in foreseeable collisions;

g. the Defendant failed to conduct a recall or offer to modify the center rear seat safety system after they knew or should have known that this product was defective in design and posed a risk of serious injury in foreseeable collisions;

h. the Defendant failed to design the center rear seat safety system to the state-of-the-industry and/or state-of-the-art;

i. the Defendant designed, manufactured and marketed the SL2 with a center rear seat safety system that posed a high and/or unusual risk of injury to occupants using this system and involved in foreseeable collisions both generally and because this system will cause occupant submarining and extensive forward excursion which will predictably lead to serious injury and/or fatality;

j. failing to use due care in the design and testing of the center rear seat safety system;

k. failing to use due care in the marketing of the SL2 in that as designed the center rear seat configuration was not safely designed to provide crash protection in frontal collisions;

l. failing to include a reasonably designed rear center seat restrain system to include a lap/shoulder belt;

m. failing to design, manufacture and sell a crashworthy vehicle, one that violated federal minimum safety standards;

n. such other acts or omissions, constituting carelessness, negligence, gross negligence, wantonness and reckless disregard of safety as may appear during the course of discovery procedures or which may be adduced at trial of this case.

20. Because of the misconduct of the Defendant and the unsafe design of the SL2, GM breached the duty it owed to motorists, and increased the risk of harm and injury to Plaintiffs.

21. GM is liable to the Plaintiffs for the causative injuries resulting from the negligence, carelessness and marketing of a non-crashworthy vehicle.

## COUNT II
## BREACH OF WARRANTIES

22. The allegations and averments set forth above are incorporated herein by reference as though set forth at length.

23. In the marketing and sale of the SL2, the Defendant herein provided implied warranties that the product was merchantable and fit for particular purposes.

24. Since the SL2 was carelessly and negligently designed as described above and, therefore, not crashworthy, GM is strictly liable for the breach of the aforesaid warranties.

25. GM is liable to the Plaintiffs for the causative injuries resulting from the aforementioned breach of warranties.

## COUNT III
## PUNITIVE DAMAGES CLAIMS

26. The allegations and averments set forth above are incorporated herein by reference as though set forth at length.

27. The Defendant designed and marketed the SL2 with full knowledge that the center rear seat safety system did not provide reasonable crash protection and that occupants were exposed to injury well above the injury levels expected in survivable frontal crashes with alternative seat and lap belt designs and/or an alternative lap and should belt system.

28. The Defendant knew that the center rear seat safety system exposed occupants to severe injury when the product was being used as intended. Nevertheless, the Defendant intentionally decided to market this product and ignore the high risk of injury associated with this design configuration.

29. The aforementioned misconduct constitutes willful, wanton and/or reckless disregard for the safety of the motorists who would use the center rear seat safety system for protection against injury in collisions. And, therefore, this Defendant is liable to the Plaintiffs for punitive damages.

## COUNT V
## CLAIM OF AMY RUDOLPH

30. The allegations and averments set forth above are incorporated herein by reference as though set forth at length.

31. As a direct and proximate result of the Defendant's liability producing conduct, causing pain and suffering to minor Plaintiff ███████████ Plaintiff Amy Rudolph has been obliged to

expend various and diverse sums of money for medical treatment, and incurred substantial medical bills, in an attempt to treat the injuries suffered by minor Plaintiff █████████ caused by Defendant's liability producing conduct.

WHEREFORE, the Plaintiffs' demand judgment against the Defendant for compensatory damages, including pain and suffering, mental anguish, emotional distress and special damages, including loss of support, medical expenses, together with the costs of this action and such other and further relief as this Court may deem just and appropriate.

DOROSHOW, PASQUALE
KRAWITZ & BHAYA

/s/ *Matthew R. Fogg*
MATTHEW R. FOGG (4254)
1208 Kirkwood Highway
Wilmington, Delaware 19805
(302) 998-0100
Attorney for Plaintiffs

DATE: June 20, 2013

EFiled: Jun 20 2013 05:02PM EDT
Transaction ID 52935565
Case No. N13C-06-209 CEB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ▓▓▓▓▓▓▓▓, a minor, by and through her parent and natural guardian, AMY RUDOLPH, and in her own right,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware Corporation,<br><br>Defendant | JURY TRIAL DEMANDED<br><br>C.A. No.: |

## PLAINTIFFS' ANSWERS TO FORM 30 INTERROGATORIES

1. Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident, which is the subject of this litigation.

ANSWER:

Eye witnesses include:

Michael Cooper
802 Pontzer Road
Strasburg, VA 22657

John Hobson
101 Hupps Hill Court
Strasburg, VA 22657

Colton Funk
585 Manor Hill Drive
Toms Brook, VA 22660-2549

Miklala Alsberry
10 Stuart Court
Strasburg, VA 22657

2.  Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

ANSWER:

Minor Plaintiff, ███████
502 Hupp Hill Court
Strasburg, VA 22657

Plaintiff, Amy Rudolph
502 Hupp Hill Court
Strasburg, VA 22657

3.  Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

ANSWER:

Plaintiff has no information responsive to this interrogatory.

4.  Identify all photographs, diagrams, or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment address and telephone number of the person having the original and copies thereof. (In lieu thereof, a copy can be attached).

ANSWER:

Photographs will be supplied.

5.  Give the name, professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said

expert. If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

ANSWER:

Plaintiff will supply this information in accordance with the court's scheduling order.

6. Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

(a) The name and address of all companies insuring the risk;

(b) The policy number(s);

(c) The type of insurance;

(d) The amounts of primary, secondary and excess coverage.

ANSWER:

Plaintiff has no information responsive to this interrogatory.

7. Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten year period immediately prior to the date of the incident at issue in this litigation.

ANSWER:

Shannan Green, M.D., 390 E. King Street, Strasburg, VA 22657

                                        DOROSHOW, PASQUALE
                                        KRAWITZ & BHAYA

                                        */s/  Matthew R. Fogg*
                                        MATTHEW R. FOGG (4254)
                                        1208 Kirkwood Highway
                                        Wilmington, Delaware 19805
                                        (302) 998-0100

DATED: June 20, 2013                        Attorney for Plaintiffs

EFiled: Jun 20 2013 05:02PM EDT
Transaction ID 52935565
Case No. N13C-06-209 CEB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

███████████, a minor, by and
through her parent and natural guardian,
AMY RUDOLPH, and in her own right,

Plaintiffs,

v.

GENERAL MOTORS LLC,
a Delaware Corporation,

Defendant

JURY TRIAL DEMANDED

C.A. No.:

STATE OF Virginia :
                  SS.
COUNTY OF Shenandoah :

THE UNDERSIGNED, being duly sworn on oath, does depose and say that the answers given in the attached Form 30 Interrogatories are true and correct to the best of her knowledge and belief.

_____
AMY RUDOLPH

SWORN TO AND SUBSCRIBED before me this 17 day of June, 2013.

_____
Notary Public

EFiled: Jun 20 2013 05:02PM EDT
Transaction ID 52935565
Case No. N13C-06-209 CEB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ▇▇▇▇▇▇▇▇▇, a minor, by and through her parent and natural guardian, AMY RUDOLPH, and in her own right, :<br><br>Plaintiffs, :<br><br>v. :<br><br>GENERAL MOTORS LLC, :<br>a Delaware Corporation, :<br><br>Defendant : | JURY TRIAL DEMANDED<br><br>C.A. No.: |

## PLAINTIFFS' CERTIFICATION PURSUANT TO RULE 3(H)

Plaintiffs will provide all documentary evidence that has been gathered in this case to date upon entry of appearance by counsel. Plaintiffs will forward any additional documentary evidence as it is received.

DOROSHOW, PASQUALE
KRAWITZ & BHAYA

/s/   *Matthew R. Fogg*
MATTHEW R. FOGG (4254)
1208 Kirkwood Highway
Wilmington, Delaware 19805
(302) 998-0100
Attorney for Plaintiffs

DATED: June 20, 2013

EFiled: Jun 20 2013 05:02PM EDT
Transaction ID 52935565
Case No. N13C-06-209 CEB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ███████████, a minor, by and through her parent and natural guardian, AMY RUDOLPH, and in her own right,  Plaintiffs,  v.  GENERAL MOTORS LLC, a Delaware Corporation,  Defendant | JURY TRIAL DEMANDED  C.A. No.: |

PETITION OF AMY RUDOLPH, FOR APPOINTING AMY RUDOLPH AS NEXT FRIEND
OF THE MINOR PLAINTIFF, JYMI RUDOLPH

Amy Rudolph, the petitioner, is the mother of ███████, a minor. On May 19, 2012, the minor sustained sustained personal injuries as a result of the negligence of the defendant, Cox General Motors, LLC. For the purpose of protecting the interest of the minor plaintiff, ███████, this action should be prosecuted on her behalf against the defendant.

WHEREFORE, petitioner respectfully asks that the Court enter the attached order appointing Amy Rudolph as next friend of the minor plaintiff, ███████ for the purpose of prosecuting this action against the defendant.

DOROSHOW, PASQUALE
KRAWITZ & BHAYA

/s/ Matthew R. Fogg
MATTHEW R. FOGG (4254)
1208 Kirkwood Highway
Wilmington, Delaware 19805
(302) 998-0100
Attorney for Plaintiffs

DATED: June 20, 2013

EFiled: Jun 20 2013 05:02PM EDT
Transaction ID 52935565
Case No. N13C-06-209 CEB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ▇▇▇▇▇▇▇ a minor, by and through her parent and natural guardian, AMY RUDOLPH, and in her own right, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS LLC, a Delaware Corporation, <br><br> Defendant | JURY TRIAL DEMANDED <br><br> C.A. No.: |

## ORDER APPOINTING GUARDIAN AD LITEM OF THE MINOR PLAINTIFF

Having considered the petition of Amy Rudolph seeking her appointment as guardian ad litem of her child, ▇▇▇▇▇▇▇, a minor, and there being sufficient grounds for the petition,

IT IS HEREBY ORDERED, this _10_ day of ___July___, 2013, that, Amy Rudolph, mother of the minor plaintiff named above, is appointed guardian ad litem of ▇▇▇▇▇▇▇ for the purpose of prosecuting this action against the defendant.

_____
Judge

FILED
2013 JUL 10 AM 10: 55
PROTHONOTARY
CIVIL FRONT COUNTER

EFiled: Jun 20 2013 05:02PM EDT
Transaction ID 52935565
Case No. N13C-06-209 CEB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| ███████, a minor, by and through her parent and natural guardian, AMY RUDOLPH, and in her own right,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware Corporation,<br><br>Defendant | JURY TRIAL DEMANDED<br><br>C.A. No.: |

## AFFIDAVIT OF CONSENT

STATE OF _Virginia_  
COUNTY OF _Shenandoah_ : SS

BE IT REMEMBERED on this _17_ day of _June_, A.D. 2013, personally came before me, the subscriber, a Notary Public for the State and County aforesaid, AMY RUDOLPH, who being duly sworn according to law, deposed and said that she is the Petitioner in this matter and that she agrees to the appointment as parent and next friend of the minor, ███████.

_____  
AMY RUDOLPH

SWORN TO AND SUBSCRIBED before me, this _17_ day of _June_ A.D. 2013.

_____  
NOTARY PUBLIC